FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2015 JUL 29 P 2: 36

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Media Break Away, LLC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15CV970 |
| ) | |
| Qiuhaiji ) | |
| ) | |
| Defendant ) | |

In Re:
HI.NET

## Verified Complaint

Comes Now Plaintiff Media Break Away, LLC by and through its counsel, and files this complaint against the Defendant, Qiuhaiji.

I. Nature of the Suit

1. This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2. The Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant Qiuhaiji[1] who gained unauthorized access to the Plaintiff's domain name management account at its registrar, on a protected computer, transferred control of Defendant domain name from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control it's domain name causing irreparable injury to the Plaintiff.

---

[1] This is the only name provided on the WHOIS record and the Plaintiff is unaware whether this is a first name, a last name, or even a name at all.

1

II. The Parties

3. Plaintiff, Media Break Away, LLC, (hereinafter "Plaintiff") is Limited Liability Corporation with principal place of business at 1490 West 121st Avenue #201, Westminster, Colorado, 80234.

4. Upon information and belief Qiuhaiji (hereinafter "Defendant") is a resident of China, although the information set forth on the WHOIS registry, other than an email address of lost1981@vip.qq.com, is incomplete and insufficient to identify the Defendant. A copy of the current WHOIS domain registration record for the subject domain is attached as Exhibit A.

5. The subject Domain Name, the *res* of this *in rem* action, is a <.net> domain, the registry for which is Verisign, Inc. whose primary place of business is 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166, within this judicial district.

6. Defendant Qiuhaiji gained unauthorized access to the Plaintiff's domain name management account on a protected computer system and transferred control of the Defendant Domain away from the Plaintiff.

III. Jurisdiction and Venue over the Subject Matter of this Action

7. This action arises out of Qiuhaiji's violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

8. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A), insofar as the registry for the <.net> domain name, Verisign, Inc., is located within this judicial district.

9. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry Verisign, Inc. has its principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391(b)(2) as the subjects of the action resides in this district.

10. Defendant Qiuhaiji directed the acts complained of towards the district and utilized instrumentalities in the district in that Qiuhaiji gained unauthorized access to the Plaintiff's email systems and domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained by Verisign, Inc. for the Defendant Domain name to be altered so as to transfer control of the Defendant Domain name away from the Plaintiff.

11. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV. Notice

12. Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive relief is being sent to the Defendant at the email address listed on the current WHOIS registry.

13. Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. §1125(d2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint.

14. The Plaintiff's claim in the alternative for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

15. Joinder of the Defendant Domain Name is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common to all claims and Defendants.

V. Factual Background

16. Plaintiff has owned the subject domain name since August 7, 2006 and has used the domain in commerce since that time.

17. Plaintiff is in the business of domain monetization, and, as such, purchases domain names for the purpose of turning internet traffic into monetary gain through the use of click through traffic, creation of business ventures, and domain name sales. The Plaintiff has used the Domain Name in commerce for over almost 9 years[2] and has common law rights in the subject mark, HI.NET.

18. The subject Domain Name is extremely valuable.

19. The Plaintiff controls its domain name through its domain name management account.

20. The domain name management account is maintained on a protected computer and access to the account should be restricted to only that person with the Plaintiff's username and password.

21. On or about October 2, 2014 the Defendant, or someone acting on the Defendant's behalf, gained unauthorized access to the Plaintiff's domain name management account and altered the domain name registration record for the subject domain name.

22. The Defendant has taken control of the Domain Name with the intent to redirect the Plaintiffs customers and to resell the Domain Name.

---

[2] This action is being filed a week and a half before the 9 year anniversary.

4

23. The Defendant has taken control of the Domain Name with the intent to redirect the income generated from the Plaintiff to the Defendant.

24. The Defendant's registration and use of the subject Domain Name is without the Plaintiff's authorization.

25. The Defendant has no intellectual property rights in the subject domain name.

26. The Defendant provided misleading or incomplete contact information in the domain name registration when changing the registration for the Defendant Domain Name.

27. The Defendant's actions are in violation of these aforementioned rights of Plaintiff.

VI. Causes of Action

Count I
Claim for Declaratory Judgment

28. Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff registered the Subject Domain on August 7, 2006 and used it in commerce since that date until the Domain Name was stolen.

29. The Defendant's actions have taken control of the subject domains from Plaintiff without authorization or permission.

30. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

31. Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has owned the Domain Name for almost Nine (9) years, has used it in commerce since acquisition and has common law rights in the mark.

32. The Defendants actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademark with bad faith intent to profit therefrom.

33. The Plaintiff, because of the Defendant's actions, is being prevented from using and exercising control over the Subject Domain Name.

34. Plaintiff is being harmed through the loss of prospective traffic to it business, loss of income, loss of business and loss of prospective business opportunities unless enjoined.

35. The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

36. The above described conduct of the Defendant registrant of the domain name constitute unlawful cybersquatting in violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

37. The above described conduct by the Defendant has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain name. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(i), the Plaintiff is entitled to an order transferring the Defendant domain name registration to the Plaintiff.

Count III
Tortuous Interference with Contractual Relationship

38. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff properly entered into a contract with the registrar for the Domain Name before the Domain Name were stolen.

39. The Defendant has unlawfully taken control of the subject Domain Name, interfering with the Plaintiff's lawful contract rights to the Domain Name.

40. As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged. The Plaintiff requests that this Court declare the Defendant liable for its past and any future losses in association with the registration service contract.

## Count IV
### Conversion

41. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff has property rights in the subject Domain Name.

42. The Defendant has taken control of the subject Domain Name and is wrongfully exercising control and authority over the subject Domain Name.

43. The control and authority exercised by the Defendant deprives the Plaintiff of control and the income and business generated from the Domain Name.

44. The Defendant is wrongfully exerting dominion over the Plaintiff's property in denial of its rights.

## Count V
### Violation of the Computer Fraud and Abuse Act

45. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

46. The Defendant knowingly and intentionally accessed the Plaintiff's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(C).

47. The Defendant knowingly, and with intent to defraud, accessed the Plaintiff's domain name management account on a protected computer without authorization and obtained information from that computer which the Defendant used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

48. The Defendant intentionally accessed the Plaintiff's domain name management account on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

49. The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

50. As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiff respectfully requests of this court:

I. That judgment be entered in favor of the Plaintiff on its claims for violation of the Anticybersquating Consumer Protection Act; and

II. That judgment be entered in favor of the Plaintiff on its claims for violation of the Computer Fraud and Abuse Act; and

III. Enter an order declaring that Media Break Away, LLC. is the only entity with any rights to the contract controlling the subject Domain Name, <HI.NET>; and

IV. Enter an order declaring that the Defendant does not have any rights to the subject Domain Name; and

V.  Enter an order directing that the domain name <HI.NET> be promptly transferred to Plaintiff; and

VI.  Enter an Order directing Verisign to promptly return control of the Domain Name to Media Break Away, LLC. and at the registrar as directed by Plaintiff's Counsel; and

VII.  Award the Plaintiff his fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

VIII.  That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Dated: 7/29/2015

Respectfully Submitted,
Media Break Away, LLC.
By Counsel

_____
Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
1425 K Street NW, Suite 350
Washington, D.C. 20005
(202) 625-7000, Fax: 202-625-7000
Stevan@aplegal.com

Counsel to Media Break Away, LLC.

Verification

I, Scott Richter, the Chief Executive Officer of Media Break Away, LLC., declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that Media Break Away, LLC., is the original owner of each of the domain names <HI.NET> and the facts contained in the foregoing complaint are true and correct.

7/28/15
Date

Media Break Away, LLC
By Scott Richter, CEO

9