IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division.

| | |
|---|---|
| Media Break Away, LLC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:15cv970 (LOG/TCB) |
| Qiuhaiji, *et al* | ) ) ) |
| Defendants. | ) ) |

Memorandum of Law in Support of
Plaintiff's Motion to Entry of Default Judgment

I. Introduction

The Plaintiff, Media Break Away, LLC, (hereinafter "Media Break Away"), by counsel, hereby moves this Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and under the Anti-Cybersquating Consumer Protection Act, 15 U.S.C. § 1125 (the "ACPA") for default judgment transferring control of the subject domain name HI.NET to the Plaintiff.

The Defendant Qiuhaiji took control of the subject domain name without authorization of the Plaintiff, who previously had control of the subject domain name. Notice of this matter was attempted to the Defendant by email, the only method for communicating with the Defendant.

Emails to the above email address have not been responded to and no responsive pleadings have been filed. Notice to the subject domain name was accomplished by publication on August 11, 2015 and proof of publication has been filed in this Court as document 6 filed August 13, 2015.

By its default, which has been noted on the docket in this action, the subject domain name HI.NET has conceded the truth of the allegations in the complaint filed in this matter. The Plaintiff is, therefore, entitled to an order transferring the subject domain name to it.

II. Statement of Facts

The Plaintiff obtained the subject domain name HI.NET on August 7, 2006 and used it in commerce since that date. Complaint ¶16. Control of the subject domain names was taken by the Defendant effectively re-titling the subject domain as if owned the Defendant. Complaint ¶20, 24.

The Plaintiff owns the subject domain name and has, since its acquisition, used it in its business of domain monetization. Complaint ¶17. The Defendant, took control of the domain name and redirected the Plaintiff's customers to pages controlled by the Defendant denying the Plaintiff the income generated by the domain. Complaint ¶22-23.

III. Argument and Authority

No responsive pleadings have been filed in this matter making default judgment appropriate. Rule 55(b)(2), Federal Rules of Civil Procedure. The allegations of the Complaint are, therefore, taken as true. The Complaint alleges facts to establish the necessary elements of a claim under 15 U.S.C. § 1125(d).

The Court will note that, pursuant to the remedies available for an *in rem* action brought pursuant to the ACPA, no damages are sought. The Plaintiff, upon receipt of judgment in this matter, requests that the remaining claims be dismissed, without prejudice. The request for default judgment seeks only an order transferring the subject domain HI.NET to the Plaintiff.

This court has *in rem* jurisdiction over the subject domain name pursuant to 15 U.S.C. § 1125(d) as the registry for the subject <.net> domain name, Verisign, Inc., is located within this judicial district. The Defendant was served by publication as ordered by this Court on August 11, 2015 as authorized by 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) which is proper service in this matter.

A. <u>Bad Faith Intent to Profit from A Mark</u>

15 U.S.C. § 1125(d)(1)(A)(i) requires the Plaintiff to allege bad faith intent to profit from the mark. Sub-sections (B)(i)(III) and (V) set out factors to be considered by the court to include, but not be limited to, any prior use for bona fide offerings of goods and services and the person's intent to divert customers from the mark owner's online location for commercial or other gain.

The Plaintiff alleges in paragraphs 16 and 17 that it registered the subject domain name in 2006 and used it since registration in its domain name monetization business. The Plaintiff alleges in paragraph 23 that the Defendant's actions in taking control of the Plaintiff's domain name has deprived the Plaintiff from the income generated from its domain. This satisfies the requirements of 15 U.S.C. § 1125(d)(1)(A)(i).

B. <u>Registers, Traffics in Or Uses Violative Domain Name</u>

15 U.S.C. § 1125(d)(1)(A)(ii)(III) requires the Plaintiff to allege that the Defendant registered or used a domain name that is a mark in which the Plaintiff has common law rights.

The Plaintiff alleges in paragraphs 16, and that it has used the subject domain name since registration in its businesses and has common law rights in the mark. This satisfies the requirements of 15 U.S.C. § 1125(d)(1)(A)(ii)(III).

Wherefore, as requested in the motion filed in this matter, it is respectfully requested that this Court enter default judgment in this matter.

Date: September 4, 2015

                                                Respectfully Submitted,
                                                Media Break Away, LLC,
                                                by counsel

/s
_____
Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050
fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman
1425 K Street NW, Suite 350
Washington, DC 20005
202-625-7000

Counsel to the Plaintiff